IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10-CV-1063-ID |
| | ) | [WO] |
| | ) | |
| CITY OF DOTHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Gregory Forsythe ["Forsythe"], a former city inmate, challenges actions related to his previous confinement in the Dothan City Jail. Specifically, Forsythe complains the defendants failed to protect him from attack by fellow inmates while in the jail. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Forsythe maintains he suffered emotional damage in this attack and the defendants failed to provide him adequate mental health treatment for this injury. *Id.* at 3

The defendants filed a special report, supplemental special report and supporting evidentiary materials addressing Forsythe's claims for relief. In these documents, the defendants adamantly deny Forsythe's allegations they acted in violation of his constitutional rights. The evidentiary materials filed by the defendants support this assertion. In addition, the defendants assert the complaint is due to be dismissed because Forsythe failed to exhaust an administrative remedy previously available to him at the Dothan City Jail. The court provided Forsythe an

opportunity to respond to this argument.  *Order of May 24, 2011 - Court Doc. No. 15*.

Pursuant to governing case law, the court deems it appropriate to treat the defendants' written report as a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'").  Thus, this case is now pending on the defendants' motion to dismiss.  Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted to the extent they seek dismissal of this case on exhaustion grounds.

## II.  DISCUSSION

Forsythe challenges the constitutionality of actions which occurred during his confinement at the Dothan City Jail in October of 2010.  In response to the complaint, the defendants deny the plaintiff's allegations and likewise maintain this case is subject to dismissal because Forsythe failed to properly exhaust the administrative remedy provided at the Dothan City Jail prior to filing this complaint as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Federal law allows this court to treat the defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion.  *Bryant v. Rich*, 530 F.3d 1368, 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically,

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement

... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Dothan City Jail provides a grievance procedure for inmate complaints. *Defendant's Exhibit I - Court Doc. No. 14-1*. The evidentiary materials filed by the defendants demonstrate Forsythe failed to file a grievance regarding the claims made the basis of the instant complaint prior to filing this case. Forsythe does not dispute his failure to properly exhaust the jail's grievance procedure. The court therefore concludes that the claims presented in this cause of action are subject to summary dismissal with prejudice as Forsythe failed to properly exhaust an administrative remedy previously available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the defendants be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Dothan City Jail.

2. This case be DISMISSED with prejudice in accordance with the provisions of 42

U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy as such remedy is no longer available to him.

It is further

ORDERED that on or before June 21, 2011 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of June, 2011.

                                          /s/  Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE